IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HESS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-3691 |
| | : | |
| SECURITY GUARDS, INC., | : | |
| | : | |
| Defendant | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Security Guards, Inc., by and through its attorneys Stevens & Lee,

hereby answers plaintiff's Complaint as follows:

### THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the averments in Paragraph 1.

2. Admitted.

3. Admitted in part and denied in part. It is admitted that plaintiff was an

employee of defendant. Because defendant does not know what plaintiff means by "all times

relevant," defendant is without knowledge or information sufficient to form a belief as to the

truth of the remaining averments in Paragraph 3.

### JURISDICTION AND VENUE

4. Admitted in part and denied in part. It is admitted that this Court has

jurisdiction pursuant to 28 U.S.C. § 1331 and that venue is properly in the Eastern District of

Pennsylvania pursuant to 28 U.S.C. § 1331. The remaining averments in Paragraph 4 are denied.

By way of further answer, there was no Exhibit A attached to the complaint served on defendant.

<u>FACTUAL BACKGROUND</u>

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7.      Denied.

8.      Admitted.

9.      Admitted.

10.     Admitted in part and denied in part.  It is admitted that plaintiff was employed by SGI in the capacity of a security guard from November 2000 until January 4, 2001.  The remaining averments in Paragraph 10 are denied.

11.     Admitted.

12.     Denied.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

<u>COUNT I</u>

18.     Paragraphs 1 through 17 are incorporated herein by reference as if set forth fully.

19.     This paragraph states conclusions of law to which no response is required.

20.     Denied.

21.     This paragraph states conclusions of law to which no response is required.

2

WHEREFORE, defendant demands judgment in its favor and against plaintiff.

<u>COUNT II</u>

22.     Paragraphs 1 through 21 are incorporated herein by reference as if set forth fully.

23.     This paragraph states conclusions of law to which no response is required.

24.     This paragraph states conclusions of law to which no response is required.

25.     Denied.

WHEREFORE, defendant demands judgment in its favor and against plaintiff.

<u>COUNT III</u>

26.     Paragraphs 1 through 25 are incorporated herein by reference as if set forth fully.

WHEREFORE, defendant demands judgment in its favor and against plaintiff.

<u>AFFIRMATIVE DEFENSES</u>

27.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

WHEREFORE, defendant demands judgment in its favor and against plaintiff.

Date: _____, 2002          STEVENS & LEE

By_____
      G. Thompson Bell, III
      Attorney I.D. No. 32649
      Stacey A. Scrivani
      Attorney I.D. No. 84275
      111 North Sixth Street
      P.O. Box 679
      Reading, PA  19611-0679
      (610) 478-2000

      Attorneys for Defendant Security Guards, Inc.

3

## CERTIFICATE OF SERVICE

I, STACEY A. SCRIVANI, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing  ANSWER AND AFFIRMATIVE DEFENSES upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Kathleen D. Dautrich, Esquire
526 Court Street
Reading, PA  19601

Date: _____, 2002        _____

4