IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN HESS : | |
| : | CIVIL ACTION |
| : | |
| : | NO. 02-CV-3691 |
| v. : | |
| : | |
| : | |
| SECURITY GUARDS, INC. : | |

**MEMORANDUM AND ORDER**

**SURRICK, J.**                                                                                       September    , 2003

　　　　Plaintiff Allen Hess ("Plaintiff") brings this employment discrimination action against Defendant Security Guards, Inc. ("Defendant") alleging that his employment with Defendant was terminated in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 *et seq* (the "ADEA") and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111 (the "ADA").  Presently before the Court is Defendant's Motion for Summary Judgement on each of Plaintiff's claims.  After a thorough review of the record and the submissions of counsel, Defendant's Motion will be granted.

**I.     Procedural and Factual Background**

　　　　Plaintiff is a fifty-one year old male who was employed as a security guard by Defendant, a Pennsylvania corporation, between November, 1999, and January 4, 2001.  (Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 2, 3; Hess Dep. at 5, 50-51.)  When hired in November, 1999, Plaintiff was forty-seven years old.  (Hess Dep. at 50).  During his term of employment with

Defendant, Plaintiff was assigned to a site in Lebanon, Pennsylvania (the "Site"), where he held the title of Lead Guard. (Joint Case Report at 1.) In this position, Plaintiff had several responsibilities. (Hess Dep. at 98.) Plaintiff was responsible for screening and signing in visitors to the Site. (Hess Dep. at 47-48, 98.) Plaintiff was also required to patrol the perimeter of the Site and scan bar codes at different stations within the Site. (Hess Dep. at 99-100.) On January 4, 2001, Plaintiff's employment was terminated by Defendant. (Joint Case Report at 1.) Plaintiff alleges that his employment was terminated by Defendant because of his age and because he suffers from asthma and lower back pain. (Joint Case Report at 1, Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 2.)

**II.    Legal Standard**

When deciding a motion for summary judgement, the court must construe the evidence and any reasonable inferences therefrom in the nonmoving party's favor. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255 (1986). Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In other words, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgement." Id.

A defendant moving for summary judgement bears the initial burden of demonstrating

that there are no facts supporting the plaintiff's legal claim.  See Celotex Corp. v. Cattrett, 477 U.S. 317, 322-324 (1986).  The burden then shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The nonmoving party ... cannot 'rely merely upon bare assertions, conclusory allegations or suspicions' to support its claim."  Townes v. City of Philadelphia, No. Civ. A. 00-CV-138, 2001 WL 503400, *2 (E.D.Pa. May 11, 2001) (quoting Fireman's Ins. Co. v. DeFresne, 676 F.2d 965, 969 (3d Cir. 1982)).  Instead, the party opposing summary judgement must go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial.  See Celotex, 477 U.S. at 324.

### III. Discussion

#### A. Plaintiff's Claims Under the ADEA

The ADEA prohibits discrimination in employment against employees over forty years of age on the basis of their age.  29 U.S.C. §§ 623(a), 631(a).  Plaintiff in the instant case alleges that he was replaced by a younger employee and that "age was a motivating factor" in the decision to terminate his employment.  (Comp. ¶¶ 19, 20.)  Because the Plaintiff presents "indirect" evidence from which age discrimination can be inferred, the framework of analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is applicable.

Pursuant to the McDonnell Douglas framework, the plaintiff bears the burden of establishing a prima facie case of discrimination.  Accordingly, the plaintiff must demonstrate by

3

a preponderance of the evidence that he: (1) is at least forty years of age; (2) was qualified for the position with his employer; and (3) that he suffered a materially adverse employment decision. Torre v. Casio, Inc., 42 F.3d 825, 831 (3d Cir. 1994) (citing Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d. Cir. 1992)). The plaintiff is also required to demonstrate that he was replaced by a person sufficiently younger to permit an inference of age discrimination." Gray, 957, F.2d at 1078.

Plaintiff's prima facie case has not been established because he has failed to demonstrate that his termination was in any way motivated by his age. Plaintiff was hired when he was forty-seven years old and was subsequently terminated when he was forty-eight years old. (Hess Dep. at 50-51.) Plaintiff was replaced by a man who was also forty-eight years old. (Hess Dep. at 59, Mitchell Aff. at ¶ 10.) Because Plaintiff was replaced by a person of the same age, there can be no inference of age discrimination. Morever, the fact that Plaintiff was hired only a year before he was terminated "militates against any finding of age animus." Dedyo v. Baker Eng'g New York, Inc., No. 96 Civ. 7152, 1998 WL 9376, at *6 (S.D.N.Y. Jan 13, 1996) (hiring a member of the protected class undermined any inference of age discrimination).

Although Plaintiff's Complaint and Brief Contra Defendant's Motion for Summary Judgement state Plaintiff's belief "that a younger individual replaced Plaintiff in his position" (Compl at ¶ 20, Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 7.), defendant had presented direct evidence to the contrary. Plaintiff has failed to respond with any evidence supporting his assertion of age discrimination.

Because Plaintiff has failed to establish that he suffered discrimination because of his age, and because he has specifically failed to demonstrate that he was replaced by a younger

employee, Plaintiff has failed to meet his burden of establishing a prima facie case under the ADEA. Consequently, Plaintiff's claim under the ADEA must be dismissed.

### B. Plaintiff's Claims Under the ADA

Plaintiff's claim under the ADA is also subject to the McDonnell Douglas analysis. See Shaner v. Sythes, 204 F.3d 494, 500 (3d Cir. 2000). Plaintiff must demonstrate a prima facie case that: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998); Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998) (en banc).

Plaintiff alleges that he suffers from a form of asthma, and that as a result, he qualifies as a disabled person "within the meaning of the ADA." (Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 10.) Plaintiff also alleges that he suffers from pain in his lower back (Hess Dep. at 38), although it is not clear that Plaintiff alleges any disability on this basis. Plaintiff further alleges that Defendant was aware of his alleged disability and that Defendant regarded him as impaired. (Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 10-11.) Defendant responds that: (1) Plaintiff's asthmatic condition does not rise to the level of a disability within the meaning of the ADA (Def.'s Mot. for Summ. J. at 13-15); (2) Plaintiff did not adequately make Defendant aware of his alleged disability (Def.s Mot. for Summ. J. at 15); and (3) Defendant did not regard Plaintiff as impaired as a result of his alleged asthmatic condition (Def.'s Mot. for Summ. J. at 15-17).

Even if we assume that Plaintiff has established a prima facie case of discrimination

under the ADA, Plaintiff's claim must be dismissed under the McDonnell Douglas analysis. Under McDonnell Douglas, the Defendant bears the burden of articulating a "legitimate, non-discriminatory reason" for terminating the Plaintiff. McKenna v. Pacific Rail Service, 32 F.3d 820, 825 (3d Cir. 1994). Defendant has met this burden. Defendant offers that Plaintiff: (1) occasionally slept while on duty; (2) was accused of stealing property from the Site; (3) failed to adequately supervise other employees; (4) did not properly screen visitors to the Site; (5) disparaged Defendant in front of Defendant's clients; (6) assisted firms in competition with Defendant to attract clients away from Defendant; (7) occasionally left his assigned post; (8) threatened his supervisor; and (9) allowed his wife (also an employee of Defendant) to leave work early, while continuing to be paid. (Mitchell Aff. at ¶¶ 3, 4, 7.) Defendant also indicates that it was the client whose property Plaintiff was supposedly protecting that requested Plaintiff's removal. In fact, Defendant alleges that in response to their client's request that Plaintiff be removed, Defendant argued successfully that Plaintiff be given a second chance to prove his worth. Defendant alleges that Plaintiff's job performance continued to be inadequate and that therefore, his employment was terminated. (Mitchell Aff. at ¶¶ 7,8.)

Pursuant to the McDonnell Douglas burden-shifting analysis, a plaintiff bears the burden of adequately countering a defendant's non-discriminatory reasons for its actions. Specifically, the plaintiff "must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). Plaintiff has not met this burden.

In response to the Defendant's non-discriminatory reasons for his termination, Plaintiff simply counters that Defendant's reasons for his discharge were pretext. (Pl.'s Brief Contra Def.'s Mot. for Summ. J. at 6.) Plaintiff contests the credibility of claims of unsatisfactory job performance. (Id. at 6-7.) However, a plaintiff may not "rely merely upon bare assertions, conclusory allegations or suspicions" in support of his claim. DeFresne, 676 F.2d at 969. Plaintiff has failed to go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. See Celotex, 477 U.S. at 324. In addition, Plaintiff has admitted violating direct orders of his superiors. Moreover, he does not dispute having assisted Defendant's competitors in recruiting business away from Defendant. (Hess Dep. at 47-49, 119-120, 126-127.) Most importantly, Plaintiff has failed to produce any evidence whatsoever from which a fact finder could conclude that Defendant's decision to terminate his employment was motivated by discriminatory animus.

**IV.    Conclusion**

For these reasons, Defendant's Motion for Summary Judgement will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HESS | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-CV-3691 |
| v. | : | |
| | : | |
| | : | |
| SECURITY GUARDS, INC. | : | |

**ORDER**

_____AND NOW, this\_\_\_\_ of September, 2003, upon consideration of Defendant Security Guards Inc.'s Motion For Summary Judgement (Doc. No. 9) and Plaintiff's response thereto, it is ORDERED that Defendant's Motion For Summary Judgement is GRANTED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge